UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ISAIAH MALIK BENJAMIN MARTRATT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-117-HAB-SLC |
| DAVID J. GLADIEUX, | |
| Defendant. | |

OPINION AND ORDER

Isaiah Malik Benjamin Martratt, a prisoner without a lawyer, filed a complaint against Allen County Sheriff David Gladieux seeking damages for being held in the unconstitutional conditions of confinement at the Allen County Jail identified in the class action *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. decided Mar. 31, 2022). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Martratt alleges he was a pre-trial detainee while at the Allen County Jail, and therefore his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900

F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). To state a claim that a jail policy violates the Fourteenth Amendment, a plaintiff must allege that a resulting pretrial condition "is 'imposed for the purpose of punishment,' or . . . the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless . . . .'" *Id.* at 856 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979). Courts consider whether "the challenged governmental action is not rationally related to a legitimate governmental objective or [whether] it is excessive in relation to that purpose." *Id.* (quoting *Kingsley*, 576 U.S. at 398).

In *Morris*, the court found at summary judgment that certain conditions of confinement at the Allen County Jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" 2022 WL 971098 at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at *17. But in this suit for damages, simply being in the

2

presence of unconstitutional conditions of confinement is not enough to state a claim unless a plaintiff can show he was injured by the conditions.

Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."); *see also Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) (after determining that the triple-celling of pretrial detainees was rationally related to managing an overcrowded facility, the court turned to "whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them" (quotation marks omitted)). For example, overcrowding could lead to deprivations of essential food, medical care, or sanitation, cause an increase in violence, or result in other intolerable prison conditions. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).

Martratt's complaint plausibly alleges that as a result of the overcrowding, he was subjected to unconstitutional conditions of confinement that injured him. Martratt alleges that during his confinement from October 4, 2020, through July 2021, he had no rec time. C-Block, where he was housed, was a very small block and had excessive overcrowding. Without an opportunity for recreation, he alleges that he was not able to

3

move around sufficiently during his nine months at the jail. As a result, he says he lost a lot of muscle mass and developed pain and body aches in his spine, lower back, hips, leg, neck, and other joints. He also experienced mental fatigue and frustration. Martratt plausibly alleges that spending nine months in overcrowded conditions, coupled with the lack of recreation, could amount to punishment. *Cf. James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) ("Our decisions are clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment."); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem.").

Martratt also alleges that the overcrowding and understaffing caused problems on an occasion when his dorm became filled with smoke to the point where it was hard to see and extremely hard to breathe. He and the other occupants on his dorm were not let out of the dorm for an hour, and in the rush of inmates exiting the dorm, he was pushed down the stairs. He says that he could not walk without limping for two weeks and continues to have back problems and trouble breathing. Martratt has plausibly alleged that the overcrowded and understaffed conditions led to a delay in the evacuation and contributed to more disorderly evacuation, causing him injury.

Martratt also alleges that he fell victim to two physical assaults while he was detained at the jail. In one, he says his food tray was taken from him and he was not able to eat until the next meal. The other alleged assault is undescribed. He alleges these assaults were not witnessed by staff. The lack of detail about the circumstances of the

4

assaults does not allow a reasonable inference that the alleged attacks were connected to the overcrowding, and he alleges no details suggesting the sheriff was personally involved in the assault or in failing to prevent it. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022) (listing elements of a failure-to-protect claim under the Fourteenth Amendment).

In sum, Martratt alleges that he was not offered church or chapel the entire time he was detained at the jail. Inmates retain their right under the First Amendment to practice their religion. *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). However, a prison practice that imposes a substantial burden on the free exercise of religion "may be justified if it is reasonably related to legitimate penological interests." *Kaufman*, 733 F.3d at 696 (internal quotation marks and citation omitted). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on an inmate's religious exercise unless that burden serves a "compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Cutter v. Wilkinson*, 544 U.S. 709 (2005). Here, Martratt does not plausibly allege that his right to practice his religion was substantially burdened because he does not explain what his religion is or what attempts he took to practice it.

5

Therefore, Martratt has plausibly alleged that the jail's overcrowded and understaffed conditions caused him injury from the lack of recreation and the evacuation from the smoke-filled dorm. He does not allege Sheriff David Gladiuex was personally involved in the alleged violations, and the sheriff cannot be held personally liable for the acts of his subordinates based solely on his supervisory position. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."); *Budd v. Motley*, 711 F.3d 840, 843-44 (7th Cir. 2013) (concluding plaintiff stated only an official capacity claim concerning alleged poor jail conditions because he "describe[ed] a municipal practice or custom in running the jail, rather than the Sheriff's personal conduct"). Rather, he is blaming the jail's practice or policy of overcrowding and understaffing. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A claim against David Gladieux in his official capacity is the same as a suit against the Sheriff's Office. *See McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997). Therefore, because David Gladieux is no longer the Allen County Sheriff,[1] the court will dismiss David Gladieux and add as a defendant the Allen County Sheriff in his official capacity. This means that because "a municipality is immune from punitive damages," Martratt

---

[1] In 2022, Troy R. Hershberger was elected the Allen County Sheriff. *See* Allen County, Indiana Election Summary Report, https://allencountyinvoters.gov/wp-content/uploads/2022/11/Allen-County-Final-22G.pdf, at p. 3 (last visited Oct. 17, 2023).

is limited to recovering compensatory damages only. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 985 (7th Cir. 2021).

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Sheriff of Allen County in his official capacity;

(2) GRANTS Isaiah Malik Benjamin Martratt leave to proceed against the Sheriff of Allen County in his official capacity for compensatory damages for a policy or practice of housing him in overcrowded, understaffed conditions from October 2020 through July 2021, that resulted in inadequate recreation and injuries due to smoke inhalation and a disorderly evacuation when his dorm filled with smoke in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES David J. Gladieux;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Sheriff of Allen County at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Sheriff of Allen County to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

7

1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

     SO ORDERED on October 18, 2023.

                                        s/ Holly A. Brady
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT