UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ISAIAH MALIK BENJAMIN MARTRATT, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 1:23-cv-00117-HAB-ALT |
| v. | ) <br> ) |
| SHERIFF, *Allen County*, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**OPINION AND ORDER**

On August 14, 2025, after *pro se* Plaintiff Isaiah Malik Benjamin Martratt failed to appear for two Court proceedings, this Court ordered Martratt to appear in person before the Court on August 20, 2025, to show cause why this case should not be summarily dismissed for his failure to prosecute it. (ECF 51). Martratt failed to appear at the show-cause hearing. (ECF 52). Therefore, the undersigned Magistrate Judge recommends that Martratt's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

*A. Factual and Procedural Background*

On March 20, 2023, Martratt filed a civil rights claim against the Sheriff of Allen County regarding alleged incidents occurring during his incarceration. (ECF 1).[1] On February 5, 2025, Chief Judge Holly A. Brady referred the matter to Magistrate Judge Susan Collins for a settlement conference to be held after July 2025. (ECF 39, 40). A copy of the docket entry and

---

[1] Martratt was incarcerated at the time he filed this suit in March 2023 (ECF 3), but by April 2023 was released (ECF 7). Martratt was incarcerated again in February 2024 (ECF 26) but was released to a community re-entry program by January 2025 (ECF 35, 36), which remains his address of record (*see, e.g.*, ECF 45, 47).

Order referring the case for settlement conference was sent to Martratt via U.S. Mail at his address of record. (ECF 39, 40).[2]

On February 13, 2025, Magistrate Judge Susan Collins directed the parties to file a notice with the Court by February 27, 2025, advising of dates in August 2025 in which they are available for an in-person settlement conference. (ECF 41). After receiving notices[3] from both parties, a settlement conference was set for August 11, 2025, at 9:00am ET and a telephonic status conference was set for July 10, 2025, at 10:00 am ET. (ECF 44, 45, 46). A copy of the Order for Settlement Conference was sent to Martratt via U.S. Mail at his address of record. (ECF 46).

At the July 10, 2025, status conference, Defendant's counsel appeared, but Martratt did not. (ECF 49). During the conference the Court confirmed the date and time of the settlement conference as August 11, 2025, at 9:00am ET. (*Id.*).[4] The Court also ordered the parties to each submit a confidential mediation statement by August 4, 2025. (*Id.*). The Court sent a copy of the docket entry to Martratt via U.S. Mail at his address of record. (*Id.*).

At the August 11, 2025, hearing, initially set as a settlement conference, Defendant's counsel appeared, but Martratt, again, did not. (ECF 50). During the hearing the undersigned stated that he would subsequently enter a show-cause order. (*Id.*). On August 14, 2025, the Court set a show-cause hearing and status conference for August 20, 2025, ordering Martratt to appear in person. (ECF 51). The Order to Show Cause informed Martratt that if he failed to appear in person for the show-cause hearing and status conference sanctions might be issued, including

---

[2] Mailings to Martratt initially were returned as undeliverable but, on March 3, 2025, the Court confirmed that Martratt was housed at South Bend Re-Entry Center. (ECF 42, 43).

[3] Martratt filed a belated notice on March 3, 2025. (ECF 45).

[4] The undersigned was assigned to this case on July 7, 2025. (ECF 48).

dismissal of this lawsuit. (*Id.*). A copy of the Order to Show Cause was sent to Martratt via U.S. Mail at his address of record. (*Id.*).

At the August 20, 2025, show-cause hearing and status conference, Defendant's counsel appeared, but Martratt—once again—did not. (ECF 52). During the conference the Court indicated that a report and recommendation to dismiss this lawsuit would follow. (*Id.*).

### B. Applicable Law

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious

3

that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### C.  Discussion

Here, Martratt has failed to appear at three Court proceedings wherein his attendance was ordered. (ECF 49, 50, 52). This warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, the undersigned Magistrate Judge finds that Martratt's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind.

Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Relatedly, the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal. *See Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). Here, the undersigned explicitly warned Martratt in the Order to Show Cause that his claims may be dismissed if he failed to appear at the August 20, 2025, show-cause hearing and status conference (ECF 51); *see Pouliot v. Bd. of Trs. of Univ. of Illinois,* No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025) ("We discern no abuse of discretion in the district court's decision to dismiss Pouliot's case . . . . [E]ven after the court . . . provided her due warning—a show-cause order—that dismissal was imminent, she persisted in her dilatory behavior." (citations omitted)). As such, Martratt has been adequately warned of the possibility of dismissal of this case.

In that regard, that some Court mailings to Martratt have been returned as undeliverable, is not grounds to delay dismissal of this action. (*See* ECF 4, 5, 8, 10, 42, 43). "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (citation omitted). "[L]itigants . . . bear the burden of filing notice of a change of address . . . ." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (citation and quotation marks omitted). Therefore, even if Martratt's address of record is no longer current, he could have attempted to determine the status of this case by visiting the Clerk's office or by checking the online docket, in which case the Court's Order to Show Cause would have alerted him that he needed to act before the harsh sanction of dismissal is imposed.

### D.  Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that Plaintiff Isaiah Malik Benjamin Martratt's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Martratt's failure to attend three Court proceedings—including a show-cause hearing—or to otherwise prosecute his case. The Clerk is directed to send a copy of this Report and Recommendation to Martratt at his last known address and to counsel of record.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 26th day of August 2025.

/s/ Andrew L. Teel  
Andrew L. Teel  
United States Magistrate Judge