UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ISAIAH MALIK BENJAMIN MARTRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-117-HAB-ALT |
| ) | |
| DAVID J. GLADIEUX, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge *sua sponte* recommends that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 55). That R&R was filed on August 26, 2025. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

Plaintiff Isaiah Malik Benjamin Martratt, proceeding *pro se*, filed his civil rights complaint against the Allen County Sheriff on March 20, 2023. (ECF No. 1). In early 2025, at the Court's direction, the parties submitted notices regarding availability for an in-person settlement conference. (ECF Nos. 41-45). The Court accordingly set a settlement conference for August 11, 2025, and a telephonic status conference for July 10, 2025. (ECF No. 46). Martratt failed to appear at either the telephonic status conference or the settlement conference. (ECF Nos. 49-50). The Court subsequently set a show-cause hearing, and Martratt was explicitly warned that involuntary dismissal of his claims was a potential consequence of his nonappearance. (ECF No. 51). He did not attend the show-cause hearing. (ECF No. 52).

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As recounted above, the parties have not objected to the recommended disposition of the case. The Court has reviewed the Magistrate Judge's R&R. The Magistrate Judge engaged in a thorough discussion of the relevant law, and the Court finds that the R&R is not clearly erroneous and is amply supported by the record. Docket entries indicate that the order to show cause and the R&R were returned as undeliverable after being mailed to Martratt. However, as noted by the magistrate judge, "'litigants . . . bear the burden of filing notice of a change of address.'" R&R at 5 (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)).[1] Accordingly, the Court adopts the Magistrate Judge's recommended disposition of the case.

The Report and Recommendation (ECF No. 55) is ADOPTED IN ITS ENTIRETY. Martratt's claims are DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Martratt's failure to appear as ordered or to otherwise prosecute his case. The Clerk is directed to enter final judgment against Martratt and in favor of Defendants.

SO ORDERED on October 21, 2025.

> s/ Holly A. Brady_____
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT

---

[1] Martratt did file multiple notices of change of address earlier in the case. *See* ECF Nos. 7, 26, 36.